UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MT. DOME APARTMENTS, LLC,
d/b/a BIG TREE PLAZA,

                *Plaintiff*,                                **ORDER**

                                                        24-CV-07299 (SJB)(JMW)

    -against-

MT. HAWLEY INSURANCE COMPANY and
RENAISSANCE RE SYNDICATE 1458 LLOYDS,

                *Defendants*.
-----------------------------------------------------------------x

**WICKS**, Magistrate Judge:

       Plaintiff Mt. Dome Apartments d/b/a Big Tree Plaza ("Plaintiff") commenced this action against Defendants Mt. Hawley Insurance Company ("Mt. Hawley") and Renaissance Re Syndicate 1458 Lloyd's ("Renaissance" and collectively, the "Defendants") asserting breach of contract claims for unpaid insurance claims. (*See generally*, ECF No. 1.) The parties are engaged in discovery and now before the Court is Defendants' Motion to Compel production of documents in response to demands 3, 12 and 25 (ECF No. 19), which is unopposed.[1] For the reasons that follow, the Motion to Compel (ECF No. 19) is **GRANTED** *in part* and ***DENIED*** *in part*.

---

[1] Opposition on the instant motion was due on or before July 23, 2025, and none was filed. (*See* Electronic Order dated 7/15/2025.)

## **BACKGROUND**

Plaintiff is the owner of a commercial property located in South Daytona, Florida (the "Property"). (ECF No. 1, Exhibit A at ¶ 1.) Plaintiff was issued a commercial insurance policy by Defendants that was effective between July 20, 2022, and July 20, 2023 (the "Policy"). (*Id*. at ¶ 9.) The Policy covered Plaintiff against all risks of direct physical loss or damage to the insured dwelling unless an exclusion applies. (*Id*. at ¶ 10.) Plaintiff filed a claim for wind damage and water damage due to Hurricane Ian. (*Id.* at ¶ 11.) Defendants inspected Plaintiff's property, handled the claim through its duly authorized representatives and adjusters, and determined that the claim was a covered loss. (*Id.* ¶¶ 12-13.) On March 8, 2023, Defendants notified Plaintiff of the following:

> We requested the assistance of Corey Erb with Engle Martin, Noah Crittenden with J.S. Held, and Ritush Pahari with Envista Forensics to inspect your property for damage related to Hurricane Ian. Mr. Erb, Mr. Crittenden, and Mr. Pahari have completed their inspections. Based on Mr. Crittenden's estimate, the costs to repair the covered wind damage and covered interior water damage from water that entered the building through wind damage to the building is less than the $380,000 deductible that applies to the claim. As such, no payment can be made at this time.

(*Id.* ¶ 16.)

Thereafter on March 28, 2023, Defendants confirmed receipt of the estimates for repairs and loss and then, rejected all statements contained in the estimates for the amount of value and loss for the covered damage to the property. (*Id.* at ¶ 17.) As a result on July 28, 2023, Plaintiff informed that the parties are not in agreement as to the amount of the loss and invoked the appraisal clause of the policy. (*Id.* at ¶ 18.) Defendants received the demand but rejected it while citing that the Policy contained a choice of law provision, which was New York, thereby making all contract disputes arise under such laws. (*Id.* at ¶ 19.) Plaintiff retained services to perform an inspection of the insured's property and prepared an estimate totaling $1,664,036.95

2

Replacement Cost Value, $1,369,923.73 Actual Cash Value. (*Id.* at ¶¶ 20-22.) On February 1, 2024, Plaintiff sent Defendants a letter of dispute providing the above estimates. (*Id.* at ¶ 23.) However, upon receipt, Defendants maintained the same position, which Plaintiff continued to dispute and invoke the appraisal clause. (*Id.* at ¶¶ 24-25.) Plaintiff had then substantially performed the repairs due to the damage, and Defendants continued to refuse to pay for the work, thereby requiring Plaintiff to bring this lawsuit for breach of contract. (*Id.* at ¶¶ 26-32.)

On September 19, 2024, Plaintiff commenced this action against Defendants in Suffolk County, New York entitled "*Mt. Dome Apartments, LLC dba Big Tree Plaza v. Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyd's*," Index No. 623367/2024. (ECF No. at 1.) Defendants then removed the case to this Court on October 17, 2024. (*Id.*) Defendants asserted that diversity was met as all the parties are from different states and the amount in controversy was exceeded. (*Id.* at 2-3.) Following an Initial Conference, the undersigned set forth that all fact discovery was to be completed by June 26, 2025, and August 26, 2025, for all discovery to be complete including expert discovery. (ECF No. 12.) At the recent Status Conference held on May 20, 2025, all dates and deadlines remained in place as set forth in the Scheduling Order apart from the last date to take the first steps towards summary judgment motion practice, which was changed pursuant to the Individual Practice Rules of the Hon. Sanket J. Bulsara. (ECF No. 18.) However, the instant motion was filed weeks after the deadline closed for fact discovery. (ECF No. 19.)

## THE LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

3

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 34 mandates production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Encompassed within this mandate is the obligation to make efforts to obtain information within its legal reach. If a party has the "practical ability to obtain and produce the documents" then it has "possession, custody, or control" over such document. *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154197, at *4-5 (S.D.N.Y. Aug. 26, 2022).

## DISCUSSION

Defendants served Plaintiff with written discovery requests on November 27, 2024, and claims that no responses were submitted until February 4, 2025. (ECF No. 19 at 2.) The requests at issue as well as responses thereto are set forth below:

> REQUEST FOR PRODUCTION 3: Produce any and all materials and communications, including but not limited to emails, text messages, requests for proposal, bids, scope-of-work agreements, proposals, contracts, purchase orders, pay applications, invoices, bills, receipts, inspection reports, forms of payment, and/or estimates reflecting or relating to any actual or proposed repairs or modifications that have been made to the Property since the Occurrence.
>
> RESPONSE: Please refer to all documents produced.
>
> REQUEST FOR PRODUCTION 12: Produce any and all materials that evidence or support the existence or amount of damages You allege You suffered as a result of anything You allege Defendant did or failed to do.
>
> RESPONSE: Please refer to all documents produced.
>
> REQUEST FOR PRODUCTION 25: Produce any and all invoices, receipts, bills, forms of payment, estimates or other documents evidencing any repairs or other efforts by You to repair damage and/or protect and preserve the Property from further damage following any loss event that forms the basis of the Claim.
>
> RESPONSE: See documents produced.

4

(*Id.*; ECF No. 19-1 at 1-2, 4-5.)

The responses do not articulate which documents respond to which demands, but generally state "see documents produced". No specific objections to the individual requests were asserted. Defendants also state that during the deposition conducted of Plaintiff's owner and corporate representative, Art Nalls ("Nalls"), testimony was elicited that the damage was repaired and fully paid. (ECF Nos. 19 at 2-3; 19-2 at 170-174.) However, Defendants aver that "only limited repair records had been produced" and no actual invoice or payments records were produced. (ECF No. 19 at 3.) During the deposition, Nalls agreed to provide such documents. (*Id.*; ECF No. 19-2 at 203.) Yet, Defendants have not received the requested additional production, and this comes after a meet-and-confer occurred last month. (ECF No. 19 at 3.) Plaintiff submitted only what seems to be a self-created spreadsheet "itemizing all amounts spent on storm repairs to date." (*Id.*) The parties also held a telephone call on June 13, 2025, where Defendants informed Plaintiff that a motion to compel would be filed unless up-to-date records were produced. (*Id.*) As such, Defendants request an order compelling Plaintiff to produce the documents related to the claims of this action and would like to re-depose Plaintiff's corporate representative on the supplemental production. (*Id.* at 4.)

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citing *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.")). Parties are entitled to documents that are "relevant to [their] claim or defense and proportional to the needs of the case, … [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P.

5

26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

      Here, considering that Defendants' requests for production are directly related to the repairs, damages, and invoices to the Property "since the Occurrence" as well as those to "preserve the Property from further damage following any loss event that forms the basis of the Claim", such requests are relevant to this action. Furthermore, as Nalls indicated that the repairs have been complete and fully paid, Defendants' request for current up-to-date records is likewise relevant and proportional to the claims and defenses in this matter. Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). The more relevant the information, the more likely it becomes proportional. *Id.* Notably, Plaintiff did not assert any objection to the document demands. Therefore, Defendants' request as to compel supplemental production is granted and

6

Plaintiff is directed to produce all documents in response to demands 3, 12 and 25. To the extent no further documents exist or can be found, Plaintiff shall provide defendants with a declaration or affidavit attesting to search efforts and the results.[2]

Next, Defendants' request to re-depose Nalls once the supplemental records are produced. (ECF No. 19 at 4.) Fed. R. Civ. P. 30 states "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) … [when] the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2). Defendants complied with this rule as they sought leave to re-depose Nalls. That application is denied with leave to renew once Plaintiff produces the ordered documents, "[s]ince depositions are inherently time-consuming and inefficient, they ought to be productive and not simply an excuse to seek information that is already known." *Luck v. McMahon*, No. 20-CV-00516 (VAB), 2021 WL 4248887, at *24 (D. Conn. Sept. 17, 2021) (quoting *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010)).

As a final matter, as the close of fact discovery was June 26, 2025, and no extension of time was requested, the Court assumes this will complete fact discovery. Absent a formal application to extend any deadlines, the close of all discovery including expert discovery <u>remains</u> August 26, 2025. (*See* ECF Nos. 12, 18.) Therefore, Plaintiff is to comply with this Order and produce any supplemental production on or before **August 8, 2025**.

---

[2] Also known in state court practice as a "*Jackson* affidavit," an eponym from the case *Jackson v. City of New York*, 586 N.Y.S.2d 952 (App. Div. 1st Dep't 1992). A "*Jackson* affidavit" refers to an affidavit or declaration filed by a party that claims that the documents sought do not exist., and should include statements that (i) a thorough search has been conducted where the documents would likely reside, (ii) the results of the search, and (iii) an explanation of where and how the documents would have been maintained.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Compel (ECF No. 19) is **GRANTED** *in part* to the extent that Plaintiff is directed to produce the supplemental records on or before **August 8, 2025**, and denied *in part*, with leave to renew that branch of the motion seeking to re-depose Nalls after production of the documents. The parties are further directed to file on ECF a joint status report on or before **August 19, 2025.**

Dated: Central Islip, New York
July 25, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

8